S. BRENT VOGEL
Nevada Bar No. 6858
Brent.Vogel@lewisbrisbois.com
ETHAN M. FEATHERSTONE
Nevada Bar No. 11566
Ethan.Featherstone@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendants Wellpath, LLC; Correct Care Solutions, LLC; J. Marcos, RN; Earl D. Salviejo, NP; Tanja Wasielewski, RN; H. Taddeo, RN; Ace T. RN; Larry Williamson, RN; H. Hannash, RN; David Oliphant, PA, LPN Alexia; Becky S. Christensen, RN; Ray Martin Montenegro, NP, and Kate Purcell, RN*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAICHENA THOMAS, individually and as the personal representative of Estate of Palmer Pearce Joseph Wright; DANA THOMAS, individually; DEVONTAY THOMAS, individually; DELON ARMSTRONG, individually; JW, individually; GERMAINE CERMENA, individually,<br><br>          Plaintiffs,<br><br>          vs.<br><br>CLARK COUNTY; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; CLARK COUNTY DETENTION CENTER; WELLPATH, LLC; CORRECT CARE SOLUTIONS, LLC; J. MARCOS, RN; EARL D. SALVIEJO, NP; TANJA WASIELEWSKI, RN; H. TADDEO, RN; ACE T. RN; LARRY WILLIAMS, RN; H. HANNASH, RN; DAVID OLIPHANT, PA; LPN ALEXIA; BECKY S. CHRISTENSEN, RN; RAY MARTIN MONTENEGRO, NP; KATE PURCELL, RN; DOES I through C, inclusive, and ROE CORPORATIONS I though II, inclusive,<br><br>          Defendants. | Case No. 2:22-CV-0899-GMN-NJK<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br>**(Third Request)** |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

127315620.1

IT IS HEREBY STIPULATED AND AGREED between the parties, Las Vegas Metropolitan Police Department ("LVMPD"); Wellpath, LLC; Correct Care Solutions, LLC; J. Marcos, RN; Earl D. Salviejo, NP; Tanja Wasielewski, RN; H. Taddeo, RN; Ace T. RN; Larry Williamson, RN; H. Hannash, RN; David Oliphant, PA, LPN Alexia; Becky S. Christensen, RN; Ray Martin Montenegro, NP, and Kate Purcell, RN's ("Wellpath Defendants"); and Plaintiffs, Daichena Thomas, Dana Thomas, Devontay Thomas, Delon Armstrong, JW, and Germaine Carmena, ("Plaintiffs"), by and through their respective counsel that the discovery cut-off date of October 10, 2023, be continued for a period of 90 days up to and including **January 8, 2024**, for the purpose of allowing the parties to complete written discovery, obtain records from third-parties, disclose expert and rebuttal expert reports, and take depositions.

The parties' previous attempt (ECF No. 49) at extending unexpired deadlines in the scheduling order was denied without prejudice based upon the following:

- The appointment of J.W.'s guardian ad litem had not been renewed despite a misplaced representation that the appointment was pending;
- There was no explanation why "the volume of discovery, the need to review audio recordings, and one party's incarceration" warrant a three-month extension.

This stipulation addresses each of these reasons below.

**I. DISCOVERY COMPLETED TO DATE**

All parties have provided their initial Rule 26 Disclosures and produced supplemental disclosures. LVMPD served written discovery (interrogatories, requests for production of documents and requests for admissions) on Plaintiffs which responses and supplemental responses were made. LVMPD served numerous third-party subpoenas. The parties have retained expert witnesses. Wellpath Defendants have served the following written discovery on the Plaintiffs:

1. DEFENDANT KATE PURCELL, RN FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT
2. DEFENDANT ALEXIA MAHONEY, LPN (LISTED INCOMPLETELY AS LPN ALEXIA) FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.   DEFENDANT BECKY S. CHRISTENSEN, RN FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT

4.   DEFENDANT DAVID OLIPHANT, PA FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT

5.   DEFENDANT EARL D. SALVIEJO, NP FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT

6.   DEFENDANT HEATHER HANASH, RN (LISTED INCORRECTLY AS H. HANNASH, RN) FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT

7.   DEFENDANT HORACE TADEO FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT

8.   DEFENDANT JAY MARCOS FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT

9.   DEFENDANT LARRY WILLIAMSON FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT

10.   DEFENDANT RAY MONTENEGRO FIRST SET OF INTERROGATORIES TO PLAINTIFF THE ESTATE OF PALMER WRIGHT

11.   DEFENDANT WELLPATH, LLC FIRST SET OF INTERROGATORIES TO PLAINTIFF DAICHENA THOMAS AS REPRESENTATIVE OF THE ESTATE OF PALMER PEARCE JOSEPH WRIGHT

12.   DEFENDANT WELLPATH, LLC FIRST SET OF INTERROGATORIES TO PLAINTIFF J.W.

13.   DEFENDANT WELLPATH, LLC FIRST SET OF INTERROGATORIES TO PLAINTIFF DANA THOMAS

14.   DEFENDANT WELLPATH, LLC FIRST SET OF INTERROGATORIES TO PLAINTIFF DELON ARMSTRONG

15.   DEFENDANT WELLPATH, LLC FIRST SET OF INTERROGATORIES TO PLAINTIFF DEVONTAY THOMAS

16.   DEFENDANT WELLPATH, LLC FIRST SET OF INTERROGATORIES TO PLAINTIFF GERMAINE CARMENA

17.   DEFENDANT WELLPATH, LLC FIRST SET OF INTERROGATORIES TO PLAINTIFF DAICHENA THOMAS, INDIVIDUALLY

18.   DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF DAICHENA THOMAS, INDIVIDUALLY

19.   DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF DANA THOMAS

20.   DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF DELON ARMSTRONG

21.   DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF DEVONTAY THOMAS

22.   DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR ADMISSION TO DAICHENA THOMAS AS REPRESENTATIVE OF THE ESTATE OF PALMER PEARCE JOSEPH WRIGHT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

23. DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF GERMAINE CARMENA

24. DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF J.W.

25. DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DAICHENA THOMAS, INDIVIDUALLY

26. DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DANA THOMAS

27. DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF DELON ARMSTRONG

28. DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DEVONTAY THOMAS

29. DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DAICHENA THOMAS AS REPRESENTATIVE OF THE ESTATE OF PALMER PEARCE JOSEPH WRIGHT

30. DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GERMAINE CARMENA

31. DEFENDANT WELLPATH, LLC FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF J.W.

The plaintiffs have served responses to the majority of the above written discovery and the parties are working on the remaining responses.

Defendants have deposed four of the six Plaintiffs between June 6 and June 27, 2023, and two have been scheduled and then rescheduled.

On June 28, 2023, the Las Vegas Metropolitan Police Department disclosed 20 recordings with a cumulative length of approximately 3.5 hours of telephone calls the decedent made while he was incarcerated in the Clark County Detention Center.

The parties also deposed witness Zina Essix on June 28, 2023 and again on July 19, 2023. Ms. Essix had several recorded phone conversations with the decedent while he was detained at CCDC just prior to his death. A third setting for the completion of Ms. Essix's deposition has been noticed for August 15, 2023.

Wellpath Defendants have noticed the deposition of Felicia Trimble, another fact witness who conversed with the decedent while he was detained at CCDC just prior to his death, for August

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

127315620.1                                   4

21, 2023. Conflicts have since been discovered with this date for at least two of the parties, and the parties are working together to reschedule this deposition for a later date.

On July 7, 2023, Wellpath, LLC served third-party subpoenas to obtain work and personnel records of Palmer Pearce Wright ("Wright").  Responses are due on July 28, 2023. Both companies have responded formally or informally to date that they have no records of Wright. One of the companies – Republic Services – was identified in written discovery responses by Plaintiff Dana Wright and confirmed at her deposition as a prior employer. Other Plaintiffs who were family members recalled in their depositions held in June 2023 Wright worked for a trash collection type company but did not recall specifics. Further discovery will be required to discover if there was an trash collection service who was not Republic Services who may have been Wright's employer.

**II. DISCOVERY YET TO BE COMPLETED**

Critically, the parties will need to disclose initial expert and rebuttal expert witnesses. In providing their expert opinions, the experts will need information gathered in discovery that has not yet been completed.  This discovery includes:

- Receipt of documents in response to subpoenas to obtain work and personnel records Wright.
- Additional subpoena(s) to other trash collection servicesfor work and personnel records of Wright.
- A transcript of of Zina Essix's complete deposition.
- A transcript of the deposition of Felicia Trimble.
- A transcript of the deposition of minor Plaintiff J.W.
- A transcript of the deposition of Plaintiff Delon Armstrong, which is pending and has been delayed due to his incarceration.

Once experts have disclosed their reports, the parties will need to disclose rebuttal reports and depose experts.  The parties will likely also need to propound and respond to additional written discovery based upon the testimonies provided by the witnesses and experts and based upon information obtained through subpoenas to decedent's employer(s) and medical providers.

///

### III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties have been diligent in proceeding with discovery in this matter. The claims in this matter involve the death of a former Clark County Detention Center ("CCDC") detainee, Wright. Many of the issues pertain to the medical care of Wright prior to his arrest, during his detention at CCDC, and prior to his death. The information surrounding these issues is extensive. Moreover, there are six Plaintiffs and numerous Defendants.  Wellpath and 11 individual defendants served written discovery on each of the six individual Plaintiffs, which totaled over 30 written discovery documents. The parties agreed to extensions and most of these have now been responded to. Despite diligently conducting extensive discovery, the parties are quickly approaching an expert witness deadline of **August 11, 2023**. ECF No. 21.  This deadline will not allow the parties' experts enough time to provide comprehensive opinions because not all of the relevant discovery will be completed.

In their previous stipulation which the Court denied, the parties failed to clearly outline how "the volume of discovery, the need to review audio recordings, and one party's incarceration" directly affects the ability of experts to form an opinion before the deadline of August 11, 2023. Most critically, the audio recordings between decedent and Ms. Essix and Ms. Trimble need to be fully explored before the experts can form an opinion.  The 3.5 hours of recorded conversations between Wright and two witnesses in the month leading up to his death provides critical information about Wright's health and treatment at CCDC—the central issue in this case.  In the conversations, Wright discusses the conditions in jail and his health.   In addition, Wright also discusses his relationship with the plaintiffs, his communication with them, and other relevant factors to the litigation. These conversations, however, are difficult to understand given the recording quality of the calls, language and idiomatic expressions of the witnesses and Wright, and missing context.  But once the witnesses have been deposed concerning the calls (and other facts) the parties' experts will have critical information to form their opinions.[1]

---

[1] Due to LVMPD Defendants' inadvertence, the parties did not have the audio recordings until shortly before the first deposition of Ms. Essix.  Fortunately, the parties worked together collegially to resolve this issue.  As such, the parties agreed to continue the deposition—a continuance which necessarily contributed to the delay for expert reports.



1   The experts will also need to review the other discovery that is in the process of being

2   collected via subpoenas, written discovery, and the deposition of two more parties—one of whom

3   is incarcerated.  Scheduling the deposition of the incarcerated party has been challenging given the

4   scheduling of other parties' depositions and because counsel must coordinate with the prison in

5   arranging a video conferencing deposition.  The parties were also unable to obtain information on

6   Wright's past employers until the conclusion of Plaintiffs' June 2023 depositions, and even that

7   information appears incomplete.  Once defendants receive information subpoenaed from Wright's

8   previous employers, they may need to retain a damages expert.

9   Thus, three months is needed so there is time for: (1) the parties to collect the remaining

10  relevant information for the experts, (2) the defendants to determine whether a damages expert(s)

11  will need to be retained based on the subpoenaed (but currently undisclosed) work history, (3)

12  experts to review and prepare their reports, (4) experts to prepare rebuttal reports if necessary, (5)

13  the parties to depose experts, (6) and the parties to prepare additional written discovery as needed,

14  including potential discovery into issues raised by experts and other witnesses. With a three month

15  extension, the parties expect that the experts and/or rebuttal experts will have everything they need

16  to form their opinions based on all the relevant evidence in the case and to be able to explain their

17  opinions in depositions.

18  Finally, Plaintiffs are in the process of moving to appoint a guardian ad litem for J.W. The

19  parties should have indicated in their previous stipulation that Plaintiffs were in the process of

20  moving for the appointment rather than the appointment was "pending."  *See* ECF No. 50.  It is clear

21  from the record that a motion to appointment of a guardian ad litem is not "pending."

22

23  In sum, despite their diligence, the parties cannot complete the discovery necessary in this

24  case within the current timelines and the parties all agree to the extension of time detailed below.

25  **IV. PROPOSED EXTENDED DEADLINES**

26  The parties respectfully request this Court enter an order as follows:

27  ///

28  ///



**(A) Discovery Deadline.**

The current discovery cut-off date of October 10, 2023, should be extended for a period of 90 days, up to and including **January 8, 2024**.

**(B) Experts and Rebuttal Experts.**

The parties shall disclose expert reports on or before November 9, 2023, which is 60 days prior to the close of discovery.

Any rebuttal disclosures will be made by the parties on or before December 11, 2023, which is 30 days prior to the close of discovery.

**(C) Dispositive Motions.**

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served no later than 30 days after the close of discovery, or by **February 7, 2024**.

**(D) Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial. Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter. Reply briefs will be allowed only with leave of the Court.

**(E) Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than 30 days after the date set for filing dispositive motions, or by **March 8, 2024**, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

**(F) Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before



the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed scheduled for completing all discovery.

This request for an extension is made in good faith and joined by all the parties in this case. The Request is timely pursuant to LR 26-3. Trial is not yet set in this matter and dispositive motions have not yet been filed. Accordingly, this extension will not delay this case.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1        Moreover, since this request is a joint request, neither party will be prejudiced. The extension

2   will allow the parties the necessary time to finish discovery.

3        DATED this 27th day of July, 2023

4   STOVALL & ASSOCIATES           LEWIS  BRISBOIS  BISGAARD  &  SMITH LLP

5   /s/ Ross H. Moynihan             /s/ Ethan M. Featherstone

6   Leslie Mark Stovall                S. Brent Vogel
    Nevada Bar No. 2566             Nevada Bar No. 6858

7   Ross H. Moynihan                Ethan M. Featherstone
    Nevada Bar No. 11848           Nevada Bar No. 11566

8   2301 Palomino Lane              6385 S. Rainbow Blvd., Ste. 600
    Las Vegas, NV 89107            Las Vegas, NV 89118

9

10  *Attorneys for Plaintiffs*           *Attorneys for Defendants*
                                     *WellPath, LLC; Correct Care Solutions, LLC;*

11                                   *J. Marcos, RN; Earl D. Salviejo, NP; Tanya*
                                     *Wasielewski, RN; H. Taddeo, RN; Ace T. RN;*

12                                   *Larry Williamson, RN; H. Hannash, RN;*
                                     *David Oliphant, PA; LPN Alexia; Becky S.*

13                                   *Christensen, RN; Ray Martin Montenegro,*
                                     *NP; and Kate Purcell, RN*

14  KAEMPFER CROWELL

15

16  /s/ Ryan W. Daniels

17  Lyssa S. Anderson
    Nevada Bar No. 5781
    Ryan W. Daniels

18  Nevada Bar No. 13094
    1980 Festival Plaza Drive, Suite 650

19  Las Vegas, NV 89135

20
    *Attorneys for Defendant*

21  *Las Vegas Metropolitan Police Department*

22

23  **NO FURTHER DISCOVERY**    <u>**ORDER**</u>
    **EXTENSIONS WILL BE GRANTED.**

24                             IT IS SO ORDERED.

25                             Dated:  July 28, 2023

26

27                           United States Magistrate Judge

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

127315620.1                                 10