# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAICHENA THOMAS, et al., <br>         Plaintiff(s), <br> v. <br> CLARK COUNTY, et al., <br>         Defendant(s). | Case No. 2:22-cv-00899-GMN-NJK <br><br> **Order** <br><br> [Docket No. 63] |

Pending before the Court is a stipulation to extend the unexpired case management deadlines. Docket No. 63.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).[1]

---

[1] "That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022). Moreover, although the Ninth Circuit has taken a more lenient approach to extensions in other contexts, it has been emphatic in the need and ability of district courts to enforce case management deadlines. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases); *see also Williams*, 627 F. Supp. 3d at 1177 n.3 (declining to apply case law outside the Rule 16 context to request to extend case management deadlines).

The pending request is extraordinary in several ways, including that it is the <u>fifth</u> extension request, *see* Docket No. 63 at 1, it comes after a warning that <u>no further extensions would be allowed</u>, Docket No. 52 at 10, and it seeks a 90-day extension even though an <u>entire discovery period should ordinarily last only 180 days</u>, Local Rule 26-1(b)(1). Moreover, the foundational support for the request is wobbly, at best. For example, the parties note the upcoming holidays, Docket No. 63 at 4, which the parties assuredly knew about when they asked for (and received) a rebuttal expert deadline of December 26, 2023, and a discovery cutoff of January 8, 2024, *see* Docket No. 52 at 8; *see also Jackson*, 186 F.R.D. at 608 (extensions to case management deadlines must arise from circumstances unforeseen at the time the deadlines were set). The parties also indicate that the number of parties and attorneys complicates deposition scheduling, Docket No. 63 at 4, but it appears from the docket that there are only three sets of attorneys covering all parties. The parties next indicate that there have been extensive expert disclosures, *id.*, but no explanation is provided why that is unexpected given the circumstances of this case, *cf. Jackson*, 186 F.R.D. at 608.[2] In short, the request falls well short in providing a basis to find good cause for any extension, let alone the lengthy one sought here.

Given the heft of the claims brought,[3] the fact that the request is made by stipulation, and as a <u>final</u> courtesy to the parties, the Court will allow a partial extension of 45 days. To be crystal clear, the deadlines set herein are **FIRM**. **THE COURT WILL NOT GRANT FURTHER EXTENSIONS**. Counsel must use the time provided herein wisely and must take all appropriate steps to get discovery done.

---

[2] The parties indicate that they need to engage in new discovery given the expert disclosures that have been served. Docket No. 63 at 4. No meaningful elaboration is provided. Expert disclosure deadlines are purposefully set for late in the discovery period and the parties have already had 494 days to obtain discovery needed for experts. *See* Docket No. 40 at 6 (representing that Rule 26(f) conference took place on July 29, 2022); *see also* Fed. R. Civ. P. 26(d)(1).

[3] The preference for deciding cases on their merits is an important consideration, but it will not be a free pass moving forward for more extension requests that are not supported by a proper showing of diligence. *Cf. Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017) (recognizing "the strong preference for deciding cases on the merits *whenever reasonably possible*" (emphasis added)).

Accordingly, subject to the above caveat, the stipulation to extend time is **GRANTED** in part and **DENIED** in part.  Deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties:  closed
- Initial experts:  closed
- Rebuttal experts:  February 9, 2024
- Discovery cutoff:  February 22, 2024
- Dispositive motions:  March 25, 2024
- Joint proposed pretrial order:  April 22, 2024, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: December 6, 2023

_____
Nancy J. Koppe
United States Magistrate Judge